UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Alejandro Campos § Case No. 12-11651
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7. The Trustee's proposed distribution is attached as **Exhibit D**.

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____[2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/Joji Takada, Chapter 7 Trustee_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-11651 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Alejandro Campos | | | | Date Filed (f) or Converted (c): | 03/23/2012 (f) |
| | | | | | 341(a) Meeting Date: | 04/16/2012 |
| For Period Ending: | 01/31/2013 | | | | Claims Bar Date: | 08/24/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 470 N. Maggie Lane, Romeoville Il 60446 | 133,200.00 | 0.00 | | 0.00 | FA |
| 2. Cash On Hand | 100.00 | 0.00 | | 0.00 | FA |
| 3. Misc. Household Goods: Sofa, Loveseat, Television, Refriger | 500.00 | 0.00 | | 0.00 | FA |
| 4. Used Personal Clothing | 100.00 | 0.00 | | 0.00 | FA |
| 5. Wedding Band | 150.00 | 0.00 | | 0.00 | FA |
| 6. Term Life Policy Through Allstate Insurance - No Cash Surren | 0.00 | 0.00 | | 0.00 | FA |
| 7. 2011 Tax Refund (Estimated) | 2,588.00 | 0.00 | | 0.00 | FA |
| 8. Possible Claim Against Wells Fargo Regarding The Property Lo | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2006 Ford Econoline Cargo Van | 3,590.00 | 0.00 | | 0.00 | FA |
| 10. Fraudulent Transfer | 0.00 | 7,000.00 | | 7,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $140,228.00    $7,000.00    $7,000.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

061312--Debtor paid $7000 in exchange for all right title and interest in tractor.
121812--Trustee filed objection to claim of Suntrust Mortgage.
013013--Trustee objection to claim sustained.

RE PROP #    10    --    Settlement received for fraudulent transfer of tractor owned by debtor

Initial Projected Date of Final Report (TFR): 03/23/2014    Current Projected Date of Final Report (TFR): 03/23/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-11651  
Case Name: Alejandro Campos  
Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: Congressional Bank  
Account Number/CD#: XXXXXX7342  
Checking Account  

Taxpayer ID No: XX-XXX1880  
For Period Ending: 01/31/2013  
Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/13/12 | 10 | Rena E Campos | Settlement funds<br>Settlement of transfer of tractor to insider | 1141-000 | $7,000.00 | | $7,000.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $7,000.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $7,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $7,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals: $7,000.00 $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7342 - Checking Account | $7,000.00 | $0.00 | $7,000.00 |
|  | $7,000.00 | $0.00 | $7,000.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $7,000.00 |
| Total Gross Receipts: | $7,000.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | Page Subtotals: | $0.00 | $0.00 |
|---|---|---|---|

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-11651  
Debtor Name: Alejandro Campos  
Claims Bar Date: 8/24/2012  

Date: January 31, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,450.00 | $1,450.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $0.00 | $0.00 |
| 1 300 7100 | Commerce Bank<br>P O Box 419248<br>Kcrec-10<br>Kansas City, Mo 64141-6248 | Unsecured | | $7,244.00 | $9,781.34 | $9,781.34 |
| 2 300 7100 | Citibank, N.A.<br>Citibank, N.A.<br>C/O American Infosource Lp<br>Po Box 248840<br>Oklahoma City, Ok 73124-8840 | Unsecured | | $1,067.00 | $1,067.34 | $1,067.34 |
| 4 300 7100 | Fia Card Services, N.A.<br>Fia Card Services, N.A.<br>Po Box 15102<br>Wilmington, De 19886-5102 | Unsecured | | $20,614.00 | $20,614.44 | $20,614.44 |
| 5 300 7100 | Portfolio Recovery Associates, Llc<br>C/O Jc Penney<br>Po Box 41067<br>Norfolk Va 23541 | Unsecured | | $2,506.00 | $2,426.04 | $2,426.04 |
| 6 300 7100 | Pyod, Llc Its Successors And<br>Assigns As Assignee Of Citibank<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $2,333.00 | $2,292.30 | $2,292.30 |
| 7 300 7100 | Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $1,907.48 | $1,907.48 |
| | Case Totals | | | $33,764.00 | $39,538.94 | $39,538.94 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-11651
Case Name: Alejandro Campos
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Commerce Bank | $ | $ | $ |
| 2 | Citibank, N.A. | $ | $ | $ |
| 4 | Fia Card Services, N.A. | $ | $ | $ |
| 5 | Portfolio Recovery Associates, Llc | $ | $ | $ |
| 6 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank | $ | $ | $ |
| 7 | Capital One | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

subordinated unsecured claims is anticipated to be       percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE